

# NUMBER 13-22-00298-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JESUS GUERRERO,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Tijerina

In a bench trial, appellant Jesus Guerrero was convicted of one count of burglary of a habitation, a first-degree felony, and three counts of aggravated assault with a deadly weapon, second-degree felonies. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2); 30.02(d). The trial court sentenced Guerrero to fifty years' confinement for the burglary of a habitation offense and to twenty years' confinement for each aggravated assault offense

to be served concurrently. By one issue, Guerrero contends that the sentences imposed were disproportionate to the crimes committed in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amends. VIII, XIV. We affirm.

## I.  STANDARD OF REVIEW AND APPLICABLE LAW

The trial court's decision on punishment is reviewed for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Quintana v. State*, 777 S.W.2d 474, 479–80 (Tex. App.—Corpus Christi–Edinburg 1989, writ ref'd). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (explaining that a sentence will most likely not be overturned on appeal if it is assessed within the legislatively determined range).

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishments inflicted." U.S. CONST. amend VIII. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id.* amend. XIV. This right and almost every constitutional or statutory right can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*,

264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that the appellant's argument that the sentence imposed was grossly disproportionate to the offense had not been preserved due to the appellant's failure to object at trial); *see Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *see also Maza v. State*, No. 13-14-00128-CR, 2015 WL 3637821, at *2 (Tex. App.—Corpus Christi–Edinburg June 11, 2015, no pet.) (mem. op., not designated for publication) (prohibiting the appellant from making his Eighth Amendment violation argument for the first time on appeal because the argument was not preserved as he did not object on that basis in the trial court); *Martinez v. State*, No. 13-02-508-CR, 2003 WL 22681385, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2003, pet. ref'd) (mem. op., not designated for publication) (same). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479 (holding defendant waived cruel and unusual punishment argument by failing to object).

## II.    ANALYSIS

By his first issue, Guerrero contends that the sentences imposed were disproportionate to his crimes in violation of the Eighth and Fourteenth Amendments of the United States Constitution. *See* U.S. CONST. amends. VIII, XIV. Specifically, although he recognizes that "an appeal prefaced on the grounds of disproportionate punishment

3

may be frivolous," Guerrero states that he has "raised this specific issue to ensure that there was no waiver of an anticipatory claim of disproportionate punishment in Federal Court."

However, Guerrero neither objected when the trial court pronounced the sentence nor complained, in any post-trial motion that the sentence was excessive, disproportionate, or violated the Eighth or Fourteenth Amendments. *See id.* Therefore, Guerrero has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479. Moreover, even had Guerrero preserved error, a punishment falling within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928. Therefore, because Guerrero failed to object to the sentence and the sentence is within the punishment range, we overrule Guerrero's sole issue. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

## III.   CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
6th day of July, 2023.